[L. A. No. 24958. In Bank. June 24, 1958.]

JAMES ALEXANDER TRINGHAM, Respondent, v. STATE BOARD OF EDUCATION, etc., et al., Appellants.

Edmund G. Brown, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Appellants.

Joseph Scott, A. H. Risse and G. L. McFarland for Respondent.

GIBSON, C. J.—An accusation was filed with the State Board of Education charging that respondent committed immoral acts while serving as the principal of a public school.

The matter was heard before a hearing officer, who prepared a proposed decision suspending respondent's credentials for one year. The board considered the evidence taken at the hearing, rejected the recommendation of the hearing officer as to punishment, and ordered that respondent's credentials be revoked.

Respondent brought this proceeding in mandamus in the superior court to review the order of the board, and the parties submitted the matter on the administrative record. The court found and concluded that respondent did not commit the acts with which he was charged, and judgment was entered setting aside the order of the board.

In this type of proceeding it is the duty of the court to exercise its independent judgment on the evidence, and its decision must be sustained if there is any credible, competent evidence to support its findings. (Code Civ. Proc., § 1094.5; *Moran* v. *Board of Medical Examiners,* 32 Cal.2d 301 [196 P.2d 20].) The board concedes, as is clearly shown by the record, that the evidence is in conflict on each of the accusations, but it contends that the court did not weigh the evidence, as was its legal right and duty. Instead, the board asserts, the court, acting in an appellate capacity, reviewed the record of the proceedings before the board to see if there was substantial evidence to support the order of revocation, and erroneously concluded that the proof was insufficient to establish a prima facie case against respondent. This contention is based upon a statement in the findings that there is "no substantial evidence" to support the order of the board. The statement is unfortunate as there is abundant evidence, consisting of the testimony of several witnesses, which if believed would justify the revocation of respondent's credentials. However, the court specifically found on credible evidence that respondent did not commit the acts of which he was accused and that none of the charges was true. The record shows that the court exercised its independent judgment on the evidence and determined that the board's order was not supported by the weight of the evidence.

The judgment is affirmed.

Shenk, J., Carter, J., Schauer, J., Spence, J., and McComb, J., concurred.

TRAYNOR, J., Concurring.—My views with respect to judicial review of administrative findings of fact under Code of Civil Procedure, section 1094.5, are set forth in dissenting opin-

ions in *Moran* v. *Board of Medical Examiners*, 32 Cal.2d 301, 315 [196 P.2d 20], and *Southern California Jockey Club, Inc.* v. *California Horse Racing Board*, 36 Cal.2d 167, 178 [223 P.2d 1]. These views remain unchanged, but since a majority of the court adhere to the Moran case, I concur in the judgment under the compulsion of that case.