[Civ. No. 10114.   Third Dist.   Nov. 17, 1961.]

HELMUTH WAHL, Plaintiff and Appellant, v. DIVISION
OF REAL ESTATE OF THE STATE OF CALIFOR-
NIA et al., Defendants and Respondents.

Michael & Corren, Irving M. Corren and Short & Short for Plaintiff and Appellant.

Stanley Mosk, Attorney General, and G. A. Strader, Deputy Attorney General, for Defendants and Respondents.

SCHOTTKY, J.—Helmuth Wahl, doing business as Central Avenue Realty, has appealed from a judgment of the Superior Court of San Joaquin County denying his petition for a writ of mandate.

On November 12, 1958, the deputy real estate commissioner filed an accusation charging Helmuth Wahl (appellant herein) and Lester Howard Lind with various acts which constitute grounds for the suspension or revocation of a real estate broker's license. The accusation alleged that Wahl and Lind while negotiating the exchange of a ranch owned by Henry Schneider and Emelia Schneider for a motel owned by the Ramsey Corporation made certain false representations to the Schneiders which induced them to enter into the exchange; that they knew the representations were false; and that the representations were made with the purpose of inducing the Schneiders to enter into the exchange. At the administrative hearing the accusation was amended to include a charge that the accused had commingled and appropriated for their own use money belonging to the Schneiders; that they had altered a deposit receipt executed by Mr. Schneider; and that they had failed to deliver a copy of the deposit receipt as required by law.

The hearing officer found that Wahl (after he had inspected the motel and had an opportunity to investigate the extent of its business) misrepresented the motel to the Schneiders; that none of the representations made by Wahl were justified by the facts known by him; that after Wahl had prepared and delivered a deposit receipt providing for the exchange of the property which Henry Schneider executed, he altered the deposit receipt without the knowledge or consent of Henry Schneider; that prior to the closing of escrow the Schneiders learned of the alteration of the deposit receipt, of the physical condition of the motel, of the continuing existence of a lease, and of the lien on the furnishings. The Schneiders did, however, close the transaction, partly in reliance upon the remaining representations, the falsity of which they had not yet discovered; partly in the belief that they were bound by the deposit receipt; partly in the belief that the seller would

sue the Schneiders if the Schneiders failed to complete the transaction; and partly in the expectation that appellant could resell the motel for a large profit.

The hearing officer also found that the accused commingled and appropriated to their own use the sum of $189.30 which belonged to the Schneiders. The hearing officer concluded that cause for suspension or revocation of Wahl's license existed under the following subdivisions of section 10176 of the Business and Professions Code, which lists the grounds for suspension or revocation of a real estate license, ''(a) Making any substantial misrepresentation. . . . (e) Commingling with his own money or property the money or other property of others which is received and held by him. . . . (i) Any other conduct, . . . , which constitutes fraud or dishonest dealings.'' And subdivision (f) of section 10177, which lists as a cause for suspension of a license, ''Acted or conducted himself in a manner which would have warranted the denial of his application for a real estate license.''

The hearing officer also concluded that cause for suspension or revocation existed because of conduct violating sections 2900, 2901 and 2902 of title 10 of the California Administrative Code. (These, in effect, forbid a licensee to solicit, accept or execute any document which is to be completed after the writing is signed; to alter any document without having all persons who had executed the document initial alterations; and require that a true copy of any original or altered document be given to the person signing or initialing an alteration.) It was recommended Wahl's license be revoked on two of the findings, revoked severally on another, and suspended on a fourth. This proposed decision was adopted by the commissioner. Wahl then sought a writ of mandate in the superior court which was, after a hearing, denied. This appeal followed.

Appellant's principal contention is that the findings are not, and were not, supported by substantial evidence. Before discussing this contention we think it well to consider the rules applicable to a consideration of the sufficiency of the evidence on an appeal from the instant mandamus proceeding. ■ The Real Estate Commissioner is a state-wide administrative agency. (Gov. Code, § 11500 et seq.) It is not a constitutional agency, and therefore it lacks judicial authority. ■ The superior court in reviewing the acts of an administrative agency such as the Real Estate Commissioner is authorized by law and required to exercise its inde-

**100**

pendent judgment on the evidence. (Code Civ. Proc., § 1094.5, subds. (b) and (c).)

On an appeal from the judgment of the superior court in a mandamus proceeding to review administrative action, where, as in the present case, the issue in the trial court was the sufficiency of the evidence to support the findings of the agency, and the superior court has exercised its independent judgment on the evidence, the appellate court will view the evidence in the light most favorable to the respondent. The appellate court will determine whether or not there is any substantial evidence, contradicted or uncontradicted, which will support the findings of the trial court. If there is any such evidence, the judgment of the trial court must be affirmed. (*Moran* v. *Board of Medical Examiners*, 32 Cal.2d 301 [196 P.2d 20] ; *Southern Calif. Jockey Club* v. *California etc. Racing Board*, 36 Cal.2d 167 [223 P.2d 1] ; *Tringham* v. *State Board of Education*, 50 Cal.2d 507 [326 P.2d 850] ; *Richards Realty Co.* v. *Real Estate Comr.*, 144 Cal.App.2d 357 [300 P.2d 893].)

The greater part of the evidence which supports the decision was testimony by Henry Schneider who testified that he gave Lind a listing on his ranch. The next day Wahl, Lind and he had a discussion during which the question of a trade was first broached. During this conversation Wahl made numerous contentions with respect to the property. Wahl allegedly told Schneider that the motel was "a real money-maker"; that it consisted of 30 furnished units which were occupied or reserved; and that the annual gross income was around $27,000. Wahl also stated that the motel was busy in the summer from traffic on the highway and in the winter because of its proximity to California State Polytechnic College.

Schneider gave Wahl a check for $500 as a deposit. Wahl prepared a deposit receipt, a copy of which was given to Mr. Schneider. Thereafter Wahl inserted additions on the deposit receipt, thus increasing the commission due Wahl and Lind.

In September Mr. and Mrs. Schneider drove to San Luis Obispo and inspected the motel. Schneider inspected a few of the units, became discouraged and returned home. He contacted Wahl and told him that the motel had been misrepresented to him. Wahl allegedly told Schneider that if he did not go through with the deal the seller of the motel would sue. Wahl allegedly told Schneider that if the deal

were consummated he would resell the property for Schneider at a large profit within three months.

Schneider further testified that he believed that he and Mrs. Schneider were obligated to complete the transaction because he had signed the deposit receipt and that the motel owner would sue. They were also influenced by Mr. Wahl's representations concerning the income to be had from the motel. In the six months the Schneiders operated the motel they grossed $6,600.

There was also evidence that Mr. Schneider deposited the sum of $2,151.14 to cover the balance due to complete the escrow. Only $1,961.84 was used and the remaining $189.30 was kept by Wahl and Lind.

There was testimony of appellant and others contradicting many of the statements and charges of the Schneiders. Appellant in his brief has made an earnest and able argument in an effort to prove his contention that the record does not sustain the findings. If the decision of the superior court had been in favor of appellant, his argument would be very helpful in pointing out evidence in support of such a decision. However, in view of the adverse findings of the court, the testimony relied upon by appellant merely accentuates the conflict in the evidence; and, as hereinbefore pointed out, it was for the trial court to weigh the evidence.

Section 10176, subdivision (a), of the Business and Professions Code states a real estate license may be suspended or revoked if a licensee makes any substantial misrepresentation. Schneider's testimony established the fact Wahl did make misrepresentations. For example, Wahl allegedly represented that the motel was fully occupied when less than half of the units were occupied. He represented that the motel was in good repair when in fact it needed repair. The fact that Schneider inspected the motel made no difference because the representation had been made and the statute does not excuse a misrepresentation because of inspection by the client.

The deposit receipt itself shows that additions were made to it. This is sufficient to show a violation of the regulations forbidding the alteration of a document. The alteration set forth the commission to be received by Wahl and Lind. Since Schneider testified these were done after he had signed it and without his knowledge, the trier of fact could determine this was dishonest dealing. This would be a violation of subdivision (i) of section 10176 and of subdivision (f) of section 10177 of the Business and Professions Code.

The evidence that Wahl retained the funds received from the escrow agent supports the finding that Wahl violated subdivision (e) of section 10176, which prohibits commingling of funds.

We conclude that the judgment is supported by the evidence and the law.

The judgment is affirmed.

Peek, P. J., and Pierce, J., concurred.

A petition for a rehearing was denied December 14, 1961.