[Civ. No. 29143. Second Dist., Div. Three. Mar. 1, 1967.]

THOMAS SARAC, Jr., Plaintiff and Appellant, v. STATE
BOARD OF EDUCATION, Defendant and Respondent.

Mosk & Rudman and Norman G. Rudman for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Defendant and Respondent.

COBEY, J.—This is an appeal from a judgment denying appellant's petition under Code of Civil Procedure, section

1094.5, for a writ of mandate against respondent compelling it to rescind its revocation of his general secondary teaching credential.

In reviewing this action of respondent, in proceedings in administrative mandamus, the trial court exercised its independent judgment on the weight of the evidence and its decision must be sustained if there is any credible, competent evidence to support its findings. (*Tringham* v. *State Board of Education,* 50 Cal.2d 507, 508 [326 P.2d 850].) Furthermore, all conflicts in evidence must be resolved in favor of respondent and all reasonable and legitimate inferences must be indulged in order to uphold the findings of the trial court. In short, the evidence must be viewed by us in the light most favorable to respondent. (*Moran* v. *Board of Medical Examiners,* 32 Cal.2d 301, 308-309 [196 P.2d 20].)

Likewise, respondent's determination of the penalty will not be disturbed unless an abuse of discretion in this respect is established. (*Magit* v. *Board of Medical Examiners,* 57 Cal. 2d 74, 87 [17 Cal.Rptr. 488, 366 P.2d 816].)

In any event we must not reverse the judgment of the trial court for any error in procedure unless after an examination of the entire case, including the evidence, we are of the opinion that the error complained of has resulted in a miscarriage of justice. (Cal. Const., art. VI, § 13, formerly, art. VI, § 4½.) All of the foregoing is, however, subject to the limitation that if appellant can show denial of an essential constitutional guaranty of fair trial or due process of law, the judgment of the trial court may become subject to reversal. (*Crittenden* v. *Superior Court,* 225 Cal.App.2d 101, 106 [36 Cal.Rptr. 903]; Cf. *People* v. *Parham,* 60 Cal.2d 378, 385 [33 Cal.Rptr. 497, 384 P.2d 1001].)

The administrative proceedings under review began with the filing of an accusation by and before respondent against appellant, who is a male teacher. This pleading charged him in substance with having engaged in immoral and unprofessional conduct within the meaning of Education Code, section 13202, in having, on or about July 28, 1962, at a public beach in or about the City of Long Beach, ''rubbed, touched and fondled the private sexual parts of one L. A. Bowers, a person of the masculine sex, with the intent to arouse and excite unnatural sexual desires in said L. A. Bowers and in the [appellant].'' The accusation then went on to recite that by reason of this conduct appellant was arrested and charged with violation of Penal Code, section 647, subdivision (a), and

was on September 4, 1962, convicted in the Long Beach Municipal Court of violation of section 4130(a) of the Long Beach Municipal Code (Disorderly Conduct) upon his plea of guilty thereto. Lastly, the accusation charged that appellant was unfit for service in the public school system within the meaning of the just-mentioned statute because of this conduct by him on the beach, because of the just-mentioned criminal proceedings against him occasioned by such conduct, and because of two admissions he had made to said Bowers on or about the said July 28, 1962, that he had had a homosexual problem since he was 20 years old and that the last time he had had sexual relations with a man was approximately three weeks earlier.

A hearing was thereafter duly held before a hearing officer upon this accusation. The record of such hearing, together with written arguments of counsel, were thereafter submitted to respondent for its consideration and reconsideration. Following a decision and order adverse to appellant these mandamus proceedings were duly initiated in the trial court, which had before it the pleadings in this proceeding and the entire administrative record. It also heard arguments of counsel, which are not a part of the record on appeal.

Each of these three triers of fact, independently, found the above summarized charges of the accusation to be true. Respondent adopted the proposed decision and order of the hearing officer and the trial court incorporated such proposed decision and order verbatim in its findings of fact.

The trial court concluded as a matter of law that appellant had committed ''a homosexual act involving moral turpitude'' which conduct constituted both immoral and unprofessional conduct within the meaning of said Education Code, section 13202; that the decision of respondent revoking his general secondary teaching credential was correct in that appellant had demonstrated that he was unfit for service in the public school system within the meaning of the just-mentioned statute; that respondent's decision was supported by its findings of fact and that its findings of fact were supported by the weight of the evidence before it and that appellant had been afforded full and complete due process of law at all stages of the administrative proceedings before respondent.

On this appeal we are concerned solely and exclusively with the legal correctness of the judgment of the trial court in this case. Appellant attacks such judgment as being unconstitutional. More specifically he claims that the trial

court relied in part upon appellant's conviction of a violation of a Long Beach municipal ordinance, which he asserts is unconstitutional for vagueness and uncertainty and because, as applied to the type of conduct involved here, its field of operation has been preempted by the State. He further contends that all three triers of fact found erroneously in accordance with the accusation that he had pled guilty to a violation of this ordinance, when in fact he had merely refrained from contesting the prosecution's case against him for such violation because he and his then counsel had made a deal with the prosecutor under which, in exchange for such conduct, he obtained a dismissal of the much more serious criminal proceedings against him charging violation of the above stated section of the Penal Code.[1] He argues that this treatment of a nonadmission of guilt as if it had been an admission of guilt unconstitutionally prejudiced the three triers of fact against his credibility in view of the sharp conflict in the evidence between the two police officers on the one hand and himself, his psychiatric expert witness and his 23 character witnesses on the other. He also objects to the findings of fact below insofar as they found true the making by him of two admissions to the said L. A. Bowers of prior homosexual experience on his part. Finally, he says that respondent acted unconstitutionally in revoking his teaching credential because it failed to establish any rational connection between the homosexual conduct on the beach, of which he was found guilty by respondent, and immorality and unprofessional conduct as a teacher on his part and his fitness for service in the public schools; and as a consequence the penalty imposed upon him by respondent, the revocation of his general secondary teaching credential, deprived him of both liberty and property without due process of law, and constituted cruel, unusual and double punishment for the same offense.

 We have pointed out that the trial court limited its conclusions of law, insofar as appellant's conduct was concerned, to his one homosexual act on the beach. This renders immaterial and irrelevant appellant's claims respecting the constitutionality of the Long Beach ordinance and the erroneous finding of what happened in the Long Beach Municipal Court with respect to the basis of his conviction there of its violation. The same may be said in regard to his objections

[1]Appellant's testimony to this effect at the administrative hearing was not challenged.

as to the inclusion in the court's findings of fact of his two admissions of prior homosexual experience.

As stated earlier, the record does not include the arguments of counsel to the trial court. We do not know why the trial court believed the evidence against appellant in preference to that for appellant regarding the incident on the beach. No prejudice in the trial court from the aforementioned erroneous finding as to the basis of his conviction in the Long Beach Municipal Court having been shown, such error may not be used as a basis for reversal of the trial court's judgment. (Code Civ. Proc., § 475.) Furthermore, in the trial court this error in its findings was not called specifically to its attention by appellant. If this had been done, the error could have then been corrected. To raise it specifically, for a first time on appeal, is too late when no reason is shown for such delay. (*Crowder* v. *Lyle,* 225 Cal.App.2d 439, 450 [37 Cal.Rptr. 343].)

Our review of the record before us, under the rules of law enunciated at the outset of this opinion, convinces us that the testimony of Police Officer, L. A. Bowers, in and of itself, constitutes more than ample credible and competent evidence to support the findings of the trial court that on July 28, 1962, appellant committed a homosexual act on the public beach in Long Beach. ■ Homosexual behavior has long been contrary and abhorrent to the social mores and moral standards of the people of California as it has been since antiquity to those of many other peoples. It is clearly, therefore, immoral conduct within the meaning of Education Code, section 13202. It may also constitute unprofessional conduct within the meaning of that same statute as such conduct is not limited to classroom misconduct or misconduct with children. (See *Beilan* v. *Board of Public Education,* 357 U.S. 399, 406-408 [2 L.Ed.2d 1414, 78 S.Ct. 1317].) It certainly constitutes evident unfitness for service in the public school system within the meaning of that statute. (Cf. Ed. Code, §§ 13206-13208.) In view of appellant's statutory duty as a teacher to ''endeavor to impress upon the minds of the pupils the principles of morality'' (Ed. Code, § 7851) and his necessarily close association with children in the discharge of his professional duties as a teacher, there is to our minds an obvious rational connection between his homosexual conduct on the beach and the consequent action of respondent in revoking his secondary teaching credential on the statutory grounds of immoral and unprofessional conduct and evident unfitness for service in

the public school system of this state. Needless to say, we find no abuse of discretion by respondent in the penalty it here imposed on appellant, nor any constitutional questions whatsoever with respect to such action on its part.

Accordingly, the judgment is affirmed.

Ford, P. J., and Moss, J., concurred.