[Civ. No. 38544. Second Dist., Div. Two. Jan. 19, 1972.]

BRENT THOMAS MOSER, Plaintiff and Appellant, v.
STATE BOARD OF EDUCATION et al., Defendants and Respondents.

## Counsel

Andelson & Andelson and Arlen H. Andelson for Plaintiff and Appellant.

A. L. Wirin, Fred Okrand and Laurence R. Sperber as Amici Curiae on behalf of Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Blanche C. Bersch, Deputy Attorney General, for Defendants and Respondents.

## Opinion

**HERNDON, Acting P. J.**—This is an appeal from a judgment denying appellant's petition under Code of Civil Procedure section 1094.5, for a writ of mandate to compel respondent to rescind its action in revoking his teaching credentials pursuant to the provisions of section 13202 of the Education Code.

It would serve no useful purpose to recite herein the sordid details of the testimony which described the conduct of appellant giving rise to the charges against him. It suffices to state that the evidence introduced at the trial provides convincing support for the following findings of the trial court:

"Respondent Board rendered a written decision in which it found that petitioner, while in public view in a public restroom in Long Beach on October 9, 1968, masturbated his exposed penis and then touched the private parts of one D. Mosley, a male person. Respondent Board further found that in a proceeding before the Municipal Court of the Long Beach Judicial District entitled 'The People of the State of California v. Brent Thomas Moser,' No. M 86953, petitioner was convicted of a violation of section 415 of the Penal Code by virtue of the conduct of October 9, 1968 described above.

"Respondent Board rendered a written decision in which it determined that petitioner committed an act involving moral turpitude and committed an act involving unprofessional and immoral conduct; that as a result thereof petitioner's general secondary life diploma and his special secondary credential in art were subject to revocation pursuant to the provisions of sections 13129(e) and 13202 of the Education Code.

"The court independently finds that petitioner committed an act involving moral turpitude and an act involving unprofessional and immoral conduct when he committed the acts described in paragraph VII above. The Court further finds that respondent Board correctly ordered that petitioner's

general secondary life diploma and his special secondary credential in art be revoked."

It was established in *Morrison* v. *State Board of Education*, 1 Cal.3d 214 [82 Cal.Rptr. 175, 461 P.2d 375], that section 13202 of the Education Code can be constitutionally applied in an action to revoke a teaching credential where the record demonstrates that the holder of the credential has engaged in conduct which proves his unfitness to teach. Thus, the determinative issue is whether conduct such as that engaged in by appellant is sufficient, in and of itself, to establish unfitness to teach. We hold that it is.

Appellant contends that his conduct as described in the testimony and in the findings is not sufficient to warrant the revocation of his teaching credentials under the law enunciated in *Morrison*. We disagree. *Morrison* is not merely distinguishable on the basis of the gross difference in its factual context; the language of that decision argues strongly against appellant's contentions and states the law which requires affirmance of the judgment herein.

In *Morrison*, the conduct in which the teacher had engaged occurred in a private place, and no criminal activity was charged. Similarly, in *Norton* v. *Macy*, 417 F.2d 1161, cited by appellant, the situation involved purely private conduct. The court commented at page 1167 that: "There is no evidence that [appellant] was ever engaged in any offensive conduct in public," [fn. 27] and "Appellant . . . neither openly flaunts nor carelessly displays his unorthodox sexual conduct in public." In the instant case, appellant committed the acts in a public place and in public view.

In *Board of Trustees* v. *Stubblefield*, 16 Cal.App.3d 820, 826 [94 Cal. Rptr. 318], we concluded as follows regarding the test of *Morrison*: "The clear import of that decision, then, is that a teacher may be discharged or have his certificate revoked on evidence that either his conduct indicates a potential for misconduct with a student or that his conduct while not necessarily indicating such a potential, has gained sufficient notoriety so as to impair his on-campus relationships. . . .

"While in this case no evidence was offered which directly dealt with notoriety, the very fact that a police officer, in the course of his official duties, easily discovered defendant and his companion, demonstrates the tenuous security from public attention provided by the front seat of defendant's automobile." Obviously, the conduct of appellant in the case at bench was far more flagrant than that of *Morrison* and *Stubblefield*.

A major distinction between the instant case and the *Morrison* situation is that the conduct engaged in by appellant was criminal. ■ The con-

duct of appellant was violative of Penal Code sections 314, subdivision 1, 415, 647, subdivision (a), and 647, subdivision (d). Appellant was, in fact, convicted of violating section 415 of the Penal Code.

In *Morrison,* on the other hand, the conduct was of a non-criminal nature, and the teacher was neither accused nor convicted of any criminal activity. At page 218 the Supreme Court specifically noted that no violation of Penal Code sections 286, 288a, and 647, subdivision (a), 647, subdivision (d), or 314 was involved.

In *Governing Board* v. *Brennan,* 18 Cal.App.3d 396 [95 Cal.Rptr. 712], the dismissal of a teacher was affirmed where she admitted a violation of the marijuana possession laws. The court stated at page 402: "The point in this case is that appellant has intentionally and knowingly violated the law . . . ."

Appellant maintains that the fact of criminal activity is not sufficient to distinguish his case from *Morrison.* He cites *Hallinan* v. *Committee of Bar Examiners,* 65 Cal.2d 447 [55 Cal.Rptr. 228, 421 P.2d 76], wherein the Supreme Court held that the evidence of criminal convictions for minor offenses was not sufficient, in and of itself, to establish that the applicant was unfit to practice law.

However, *Hallinan* dealt with a profession other than teaching, and as the Supreme Court noted in *Morrison* at page 220, terms like "immoral conduct," "unprofessional conduct," and "acts involving moral turpitude" cannot be explicitly defined so as to apply to all of the statutes in which they are used. Rather, the courts "have given those terms more precise meaning by referring in each case to the particular profession or the specific governmental position to which they were applicable."

*Goldsmith* v. *Board of Education,* 66 Cal.App. 157, 168 [225 P. 783], quoted in *Board of Education* v. *Swan,* 41 Cal.2d 546, 553-554 [261 P.2d 261], found that the standards for judging the propriety of a teacher's conduct, and the extent to which that conduct may be the basis for the revocation of a credential, involves many aspects. ". . . the teacher is entrusted with the custody of children and their high preparation for useful life. His habits, his speech, his good name, his cleanliness, the wisdom and propriety of his unofficial utterances, his associations, all are involved. His ability to inspire children and to govern them, his power as a teacher, and the character for which he stands are matters of major concern in a teacher's selection and retention."

The criminal conduct of appellant is very similar to that which was involved in *Sarac* v. *State Bd. of Education,* 249 Cal.App.2d 58 [57 Cal. Rptr. 69], wherein this court sustained the revocation of the teaching cre-

dential of a teacher who had been convicted on a charge of disorderly conduct arising out of his homosexual advances toward a police officer on a public beach. Although some of the dicta in *Sarac* was disapproved in *Morrison,* the decision was undisturbed in its essential holding that the evidence of homosexual behavior in a public place constituted sufficient proof of unfitness for service in the public school system.

The judgment is affirmed.

Fleming, J., and Compton, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 12, 1972. Peters, J., Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.