[Civ. No. 32513. First Dist., Div. One. Jan. 14, 1974.]

FRANK DE HART JENNINGS, Plaintiff and Appellant, v.
ROBERT W. KARPE, as Real Estate Commissioner, etc.,
Defendant and Respondent.

**COUNSEL**

Joel G. Schwartz for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and John E. Barsell, Jr., Deputy Attorney General, for Defendant and Respondent.

**OPINION**

**ELKINGTON, J.**—Appellant Jennings was a licensed real estate salesman. His license, and all right to renew or reinstate it, were ordered revoked by the state's Real Estate Commissioner under the authority of Business and Professions Code section 10177, subdivison (b).

Section 10177, subdivision (b), authorizes such a revocation when a licensee has entered a plea of guilty to "a felony or a crime involving moral turpitude, . . ."

The record on which the commissioner's order was based established the following. Jennings pleaded guilty to a charge of violating Penal Code section 288a, proscribing oral copulation of the mouth of one person with the sexual organ of another. He was thereafter placed on conditional probation. The subject of the offense was an 8-year-old daughter of Jennings with whom he had committed such offenses over a period of three years.

The instant appeal is from a superior court judgment denying Jennings' petition for a writ of mandate by which he sought to set aside the commissioner's order.

■ The threshold question presented to us is whether the offense to which Jennings pleaded guilty was a "felony or a crime involving moral turpitude."

Certainly the offense was a felony. It was punishable by imprisonment in the state prison and it was not reduced to a misdemeanor by any act of the court. (See Pen. Code, §§ 288a and 17, subd. (a).)

An accepted definition of "moral turpitude" is " 'an act of baseness, vileness or depravity in the private and social duties which a man owes to his fellowmen, or to society in general, contrary to the accepted and customary rule of right and duty between man and man.' " (*In re Higbie*, 6 Cal.3d 562, 569 [99 Cal.Rptr. 865, 493 P.2d 97].) Under this definition Jennings' conduct with his daughter clearly was a "crime involving moral turpitude." The commissioner made such a finding.*

Jennings' main reliance is on certain language of *Tushner* v. *Savage*, 219 Cal.App.2d 71, 76 [33 Cal.Rptr. 247], as follows: "In order for the Real Estate Commissioner to have jurisdiction to revoke a real estate broker's license, the licensee must have been guilty of misconduct connected with his activities as a real estate broker. . . ."

But *Tushner* v. *Savage* assigned as authority for its holding, *Buckley* v. *Savage*, 184 Cal.App.2d 18, 26 [7 Cal.Rptr. 328] [cert. den. 366 U.S. 910 (6 L.Ed.2d 235, 81 S.Ct. 1086)], and *Schomig* v. *Keiser*, 189 Cal. 596, 598 [209 P. 550]. Those authorities dealt with statutes not at issue in *Tushner* v. *Savage*, or in the case before us. They concerned Business and Professions Code section 10176 and its predecessor statute (Stats. 1919, ch. 605, § 12, p. 1256), which provided for licensee discipline *for acts done in the capacity of a licensee*. In such situations, it necessarily followed that jurisdiction attached only when the licensee's acts were "connected with [their] activities as real estate [licensees]." And we note that *Buckley* v. *Savage, supra,* made it clear (p. 31) that section 10177, with which we are here concerned, "allows disciplinary action against real estate brokers for their conduct in other fields of endeavor."

---

*Business and Professions Code section 117 provides: "Notwithstanding any other provision of law, in a proceeding conducted by a board within the department pursuant to law to deny an application for a license or to suspend or revoke a license or otherwise take disciplinary action against a person who holds a license, upon the ground that the applicant or the licensee has been convicted of a crime involving moral turpitude, the record of conviction of the crime shall be conclusive evidence of the fact that the conviction occurred, but only of that fact, and the board may inquire into the circumstances surrounding the commission of the crime in order to fix the degree of discipline or to determine if the conviction is of an offense involving moral turpitude."

Other California cases have held that the Real Estate Commissioner's licensees may be disciplined for *misconduct unrelated to their activities as such licensees.* License revocation has been upheld, as to such unrelated activities, where the licensee was guilty of "personal dishonesty" (*Small* v. *Smith,* 16 Cal.App.3d 450 [94 Cal.Rptr. 136]); fraud in obtaining personal loans (*Borror* v. *Department of Investment* (15 Cal.App.3d 531 [92 Cal.Rptr. 525]); violation of Corporate Securities Act (*Watkins* v. *Real Estate Commissioner,* 182 Cal.App.2d 397 [6 Cal.Rptr. 191]); and improper acts before issuance of the license (*Grand* v. *Griesinger,* 160 Cal.App.2d 397 [325 P.2d 475]; *Karrell* v. *Watson,* 116 Cal.App.2d 769, 775-776 [254 P.2d 651]; *Hall* v. *Scudder,* 74 Cal.App.2d 433, 437 [168 P.2d 990]).

Similar determinations have been made as to state licensees in other fields of endeavor. Thus, an attorney was suspended upon his plea of guilty to violating the federal marijuana transfer tax law, i.e., smuggling marijuana (*In re Higbie, supra,* 6 Cal.3d 562), and a teacher's credentials were revoked for homosexual conduct in a public restroom (*Moser* v. *State Bd. of Education,* 22 Cal.App.3d 988 [101 Cal.Rptr. 86]).

Apart from *Tushner* v. *Savage, supra,* 219 Cal.App.2d 71, which we find not to be controlling, Jennings places his principal reliance on *Morrison* v. *State Board of Education,* 1 Cal.3d 214 [82 Cal.Rptr. 175, 461 P.2d 375], *Perrine* v. *Municipal Court,* 5 Cal.3d 656 [97 Cal.Rptr. 320, 488 P.2d 648] [cert. den. 404 U.S. 1038 (30 L.Ed.2d 729, 92 S.Ct. 710)], *Yakov* v. *Board of Medical Examiners,* 68 Cal.2d 67 [64 Cal.Rptr. 785, 435 P.2d 553], *Comings* v. *State Bd. of Education,* 23 Cal.App.3d 94 [100 Cal.Rptr. 73, 47 A.L.R.3d, 742], and *Mindel* v. *United States Civil Service Commission,* 312 F.Supp. 485. But we find these authorities also to be inapposite. In none, except perhaps *Perrine* v. *Municipal Court,* was the subject charged under a statute, as here, authorizing discipline upon conviction of "a felony or a crime involving moral turpitude."

*Perrine* v. *Municipal Court's* holding rested principally on First Amendment considerations not present here. The court, however, did say (p. 663): "Even in the absence of First Amendment considerations, an ordinance regulating the right to engage in a lawful occupation or business [there, bookselling] must bear a rational relationship to a valid governmental purpose. . . ." But there is "a valid governmental purpose" in limiting licensees of the Real Estate Commission to persons with the qualifications of honesty, truthfulness and *good reputation* (*Riley* v. *Chambers,* 181 Cal. 589, 593-594 [185 P. 855, 8 A.L.R. 418]), or as we said in *Borror* v. *Department of Investment,* 15 Cal.App.3d 531, 540

[92 Cal.Rptr. 525], those who are not "dishonest, *immoral, disreputable,* or incompetent." By any standard, in the perpetration of the crime to which Jennings pleaded guilty, he showed traits of "moral turpitude," "immorality," and "disreputability." The facts here are vastly different from those of *Morrison* v. *State Board of Education, supra,* 1 Cal.3d 214, which is heavily emphasized by Jennings. In that case, the court voided discipline of a schoolteacher who in a time of "severe emotional stress" engaged with another in a private "limited, *non-criminal* physical relationship . . . described as being of a homosexual nature." (Italics added; pp. 218-219; see also fn. 5.)

Also relevant to our problem is the case of *Otash* v. *Bureau of Private Investigators,* 230 Cal.App.2d 568 [41 Cal.Rptr. 263]. There another statute (Bus. & Prof. Code, § 7551, subd. (d)), in the identical language of the statute with which we are here concerned (Bus. & Prof. Code, § 10177, subd. (b)), permitted revocation of a private investigator's license upon his conviction of "a felony or a crime involving moral turpitude." It was held (p. 574) that upon proof of such a conviction "no further showing of a lack of fitness of a licensee is required. . . ."

For the reasons stated the judgment of the superior court must be affirmed.

Affirmed.

Molinari, P. J., and Sims, J., concurred.