[Crim. No. 2407. First Dist., Div. One. Aug. 26, 1946.]

THE PEOPLE, Respondent, v. LOUIS REZNICK,
Appellant.

Leslie C. Gillen and John R. Golden for Appellant.

Robert W. Kenny, Attorney General, Carl W. Wynkoop, Deputy Attorney General, Edmund G. Brown, District Attorney, and Bert W. Hirschberg, Assistant District Attorney, for Respondent.

SCHOTTKY, J. pro tem.—Appellant was charged in the information with contributing to the delinquency of a minor in violation of section 702 of the Welfare and Institutions Code, it being alleged that appellant did willfully, unlawfully and knowingly allow one Anita Vasquez, 14 years of age, to be registered in a hotel as the wife of a sailor, they not then being married. Appellant appeals from the judgment of conviction after trial by jury and from the order denying his motion for a new trial.

There is little dispute as to the facts shown by the record. The complaining witness, Anita Vasquez, at the time of the alleged crime was 14 years of age. On November 13, 1945, accompanied by two other girls, two marines and one sailor, she went to the Uptown Hotel on Fillmore Street in San

Francisco where all six were registered by appellant, then on duty as clerk. The girls all stood at the desk while each of the boys registered. The appellant did not ask the ages of the girls but did ask the boys if the girls were their wives and was informed that they were. Each boy registered with one of the girls as Mr. and Mrs. The other two girls were aged 14 and 17 years, and the only baggage carried by these six persons, who were together at the time they registered, was one suitcase and one paper bag. The complaining witness, after being registered by appellant, was taken to a room where she remained all night with the sailor. The other two girls were likewise taken to rooms where each remained all night with one of the marines.

Appellant admitted that he was on duty at the hotel on the night in question and identified the registration of the complaining witness and her escort but testified that he had no recollection of having seen her before. He testified that he was very busy in performing his duties on the night in question and had registered 26 rooms and about 50 people. Upon objection made by the district attorney he was not permitted to testify as to what his usual practice was in handling registrations.

As grounds for a reversal of the judgment of conviction appellant urges the following: (1) Erroneous rulings on the evidence; (2) prejudicial remarks by the court; (3) misdirection of the jury by the court; (4) prejudicial misconduct of the district attorney. We shall discuss these contentions of appellant's in the order of their statement.

The first contention of appellant relates to testimony given by the complaining witness at the preliminary hearing. At the trial, while the complaining witness was testifying, she was asked by appellant's counsel how many persons were in the lobby and she answered, ''About two or four couples.'' Appellant's counsel then asked whether there were some other people who came in and out of the lobby and got their keys or left their keys with appellant. She answered that she did not remember. Counsel then continued to ask if she remembered that some people did put their keys on the desk or ask for their keys from the appellant, and she again answered that she did not remember. Counsel for appellant then confronted the witness with a portion of her testimony taken at the preliminary hearing. The purpose of counsel was to refresh the recollection of the witness as to whether

she remembered persons that evening getting keys from or leaving keys with the appellant. The district attorney objected to these questions upon the ground that they did not call for refreshing of the witness' memory and the court sustained the objection. The questions and answers in both the preliminary hearing and the trial were substantially the same and there is no material contradiction between them. No error was committed in sustaining the objection. Furthermore, it is difficult to understand how, upon the record here, the ruling, even if erroneous, could be prejudicial.

The second occasion assigned in the court's ruling on the evidence before the jury was to the effect that the court did not permit the appellant to show what he did on other occasions in registering persons at the hotel. The prosecution objected to the question upon the ground that it was incompetent, irrelevant and immaterial. The objection was sustained.

The defense has endeavored to show what the appellant did on other occasions while registering guests at the hotel to which the prosecution stated his objection which was sustained by the court. What had been done or was done by the appellant in registering other guests was not material to the issues at the trial.

To support his contention appellant has cited the case of *People* v. *Kepford*, 52 Cal.App. 508 [199 P. 64]. This case is not in point. The court in that case stated that the motive for the commission of a crime may be shown as a circumstance tending to show guilt and the absence of motive or reason for the commission of the alleged offense may be considered as a circumstance favorable to the accused. In other words, the evidence offered pertained to the crime which was then before the court and did not pertain to the conduct of the parties in other cases of similar nature.

In that case on appeal the prosecution was attempting to show what the appellant had done on other occasions of similar character.

In *People* v. *Bond*, 13 Cal.App. 175, at 191 [109 P. 150], the court commented upon the question of previous actions and conduct of the appellant and stated: "One Anderson had been arrested by defendants on August 19th for violating the fish law, and by him appellant sought to show that he had been properly treated by the officers. The court rightly sustained an objection to the proffered testimony. So far as we

are informed, the conduct of defendant upon a different occasion has never been held pertinent evidence to disprove the commission of a crime of which he is being tried."

■ Appellant's next assignment of error is the following statement of the trial court: "The Court: It wouldn't make any difference if he did a thousand well if he makes a mistake in one of the registrations; his ignorance of the actual age of the girl is no defense. . . . Well, it is the duty of these people to know the ages of the girls they are registering there." Just prior to making these remarks the court had sustained the district attorney's objection to questions asked by appellant's counsel of appellant as to what his usual practice was in registering people, and appellant's counsel, in the face of the court's ruling, was persistently and insistently urging the materiality of such testimony. The court no doubt was endeavoring to bring the argument to a close by stating the reasons for its ruling, and such comments were not addressed to the jury and cannot be presumed to have been taken by the jury as evidence, as the court instructed the jury that the only evidence for them to consider was that which was admitted by the court.

Section 702 of the Welfare and Institutions Code provides in part as follows: "Any person who commits any act or omits the performance of any duty, which act or omission causes or tends to cause or encourage any person under the age of twenty-one years to come within the provisions of any of the subdivisions of section 700 or which act or omission contributes thereto . . . is guilty of a misdemeanor. . . ." Among the persons under 21 years of age enumerated in said section 700 as being within the jurisdiction of the juvenile court is one "Who is leading, or from any cause is in danger of leading, an idle, dissolute, lewd, or immoral life." The evidence was uncontradicted that appellant registered the 14-year-old complaining witness and a sailor who was not her husband at the Uptown Hotel as man and wife. Appellant admits that when a statute is enacted to protect public morals ignorance or mistake of fact is no defense. The comments of the trial judge complained of were merely statements of the law. The court made no comment as to whether appellant was guilty or innocent. There can be no doubt that if appellant committed the act it would be immaterial whether or not he knew the age of the minor.

■ It is a familiar rule that to constitute crime there

must be a union of act and intent, but section 7 of our Penal Code provides that ''The word 'willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage; . . .''

As was said by our Supreme Court in the very recent case of *People* v. *Gory,* 28 Cal.2d 450 [170 P.2d 433] at page 453: ''. . . Section 20 of the Penal Code provides that 'In every crime or public offense there must exist a union, or joint operation of act and intent. . . .' But this does not mean that a positive, wilful intent to violate the law is an essential ingredient of every offense. Sometimes an act is expressly prohibited by statute, in which case the *intentional doing of the act,* regardless of good motive or ignorance of its criminal character, constitutes the offense denounced by law. Instances illustrating this principle may be found in statutes enacted for the protection of public morals, public health, and the public peace and safety. (*People* v. *McClennegen,* 195 Cal. 445, 469 [234 P. 91], and cases there cited.) If a specific intent is not made an ingredient of the statutory offense, it is not necessary to prove such specific intent in order to justify a conviction. (*People* v. *Dillon,* 199 Cal. 1, 11 [248 P. 230].)''

And as was said in *People* v. *O'Brien,* 96 Cal. 171, at page 176 [31 P. 45]: ''It is an emphatic postulate of both civil and penal law that ignorance of a law is no excuse for a violation thereof. Of course it is based on a fiction, because no man can know all the law, but it is a maxim which the law itself does not permit any one to gainsay. It is expected that the jury and the court, where it is shown that in fact the defendant was ignorant of the law, and innocent of any intention to violate the same, will give the defendant the benefit of the fact, and impose only a light penalty. (1 Bishop's Crim. Law, sec. 2961; Wharton on Negligence, sec. 411.) The rule rests on public necessity; the welfare of society and the safety of the state depend upon its enforcement. If a person accused of crime could shield himself behind the defense that he was ignorant of the law which he violated, immunity from punishment would in most cases result. No system of criminal justice could be sustained with such an element in it to obstruct the course of its administration. The plea would be universally made, and would lead to interminable ques-

tions incapable of solution. Was the defendant in fact ignorant of the law? Was his ignorance of the law excusable? The denser the ignorance the greater would be the exemption from liability.''

■ Appellant's next contention is that the court erred in omitting to give a cautionary instruction. Appellant offered no instructions except one on character witnesses, which the court gave. The offense charged was that appellant had allowed one Anita Vasquez, 14 years of age, to be registered in a hotel as the wife of a sailor, they not then being married. There was no conflict in the evidence as to the facts that Anita Vasquez was 14 years of age, that she was not the wife of the sailor, that appellant had allowed her to be registered in the hotel as the wife of the sailor, and that she had occupied a room in the hotel with said sailor. While it is the law that in prosecutions for sex offenses, it is the duty of the trial court on its own motion to give a cautionary instruction to the effect that the charge is easily made and difficult to disprove, for which reason the testimony of the prosecuting witness should be examined with caution (*People* v. *Putnam,* 20 Cal.2d 885 [129 P.2d 367]), it is difficult to understand how such an instruction could be considered necessary in a case such as this. And even if it may have been proper to give such an instruction, the failure to give one could not constitute prejudicial error upon the record here. A reading of the instructions given by the court shows that the jury was fully and correctly instructed.

■ Appellant's second assignment of error as to the misdirection of the jury pertains to the request of the jury for further enlightenment upon the interpretation of the word ''willfully.'' Upon the jury's return for instructions the first time the court read from Penal Code, section 7, the definitions of the words ''willfully'' and ''knowingly.'' A short time later the jury again returned and asked for a further interpretation of the word ''willfully.'' In complying with this second request the court by way of background for its interpretation of the word ''willfully'' repeated several of the instructions that had been given in order to clarify the matter for the jury, but no expression was made by the court to the jury as to any belief in the guilt of the appellant. No error was committed by the court in giving to the jury the interpretation of the word ''willfully.''

Appellant next sets forth a number of contentions of claimed prejudicial misconduct on the part of the district attorney.

The first of these relates to the prosecution's questioning of the witness Lillian Runyon as to whether she too had been "registered in" the hotel at the same time with Anita Vasquez. Prior to the beginning of the examination of this witness, and after the jury had been excluded, counsel for appellant objected to her being allowed to testify at all for the reason that she undoubtedly would testify that she too had been registered by appellant and that thereby appellant would be shown to have committed more offenses than the one charged in the information. The court overruled the objection. Lillian Runyon took the stand, and toward the end of her direct testimony the actual question was put to the witness. No objection was made and her answer was given, and no motion to strike out her testimony was made. In view of the fact that the first objection of appellant was to the appearance of the witness upon the stand, which objection was properly overruled because it was certainly proper for the witness to testify as to the registration of Anita Vasquez, it would appear to us that inasmuch as appellant neither objected to the specific question, when asked, nor made any motion to strike out the answer, he is not now entitled to raise that issue.

The second assignment of misconduct that we shall discuss concerns a statement of the district attorney that maybe he could show that appellant had been warned by the police for prior actions of the nature of the charge being tried. Counsel for appellant had asked him if he had ever been warned by the police regarding his "conduct in the matter of registering people in that hotel," to which appellant answered "No, Sir." The district attorney made a general objection after that answer was given but the court overruled the district attorney's objection by saying, "I will let the answer stand." The record then shows the following: "Mr. Hirschberg: Let the answer stand, your Honor? Then may the District Attorney's office have an opportunity to show the opposite tendency or—— Mr. Gillen: This man? Mr. Hirschberg: That is possible. Mr. Gillen: Not, it is not possible and don't be unfair; you can't show anything. Mr. Hirschberg: Maybe we can, Mr. Gillen. Mr. Gillen: All right, but don't make a threat that you can't carry out. I think

you may cross-examine.'' Neither in the cross-examination of appellant which followed, nor at any other stage of the trial did the district attorney attempt to show any warning by the police concerning appellant's registration of servicemen and females.

We believe that prosecutors should refrain from making statements that they might be able to prove things derogatory to a defendant unless they are able to make such proof and intend to do so. The prosecutor in this case should not have made the statement complained of without following it up with proof or an offer to prove it. However, the court gave to the jury a very complete instruction admonishing them that they were the exclusive judges of the facts and they were to consider only the evidence properly before them to the exclusion of any suggestions or suspicions created by questions of counsel. Since that admonition was given to the jury, and taking the record as a whole, we do not believe that the remarks of the district attorney, even if improper, constitute reversible error in this case.

▆▆▆▆ Appellant claims that a number of improper and prejudicial remarks were made by the district attorney in his argument to the jury. These relate primarily to observations and opinions of the district attorney in presenting his argument to the jury. In such argument the district attorney is entitled to argue questions of law and fact; he may assail the credibility of appellant's witnesses and he may condemn or excuse their actions. He may denounce any defense propounded and may comment upon the appellant personally. (See *People* v. *Piazza,* 84 Cal.App. 58 [257 P. 592]; 8 Cal. Jur. § 326, p. 263; *People* v. *Bose,* 28 Cal.App. 743 [153 P. 965].) In the instant case the court on a number of occasions during the argument instructed the jury that the statements of counsel in their arguments are not evidence in the case, and that they were to disregard them. We do not believe that it can be held that any of the remarks of the district attorney in his argument to the jury were outside of the range of legitimate argument, or that they constituted prejudicial misconduct.

It appears from the record in this case that appellant, as clerk of the Uptown Hotel, permitted Anita Vasquez, a girl of 14, to be registered as the wife of a sailor and at the same time permitted two other girls, aged 14 and 17, to be registered as the wives of two marines. The six came into the

hotel at the same time and had only one suit case and a paper bag. Appellant merely asked the men if the girls were their wives but made no other effort to ascertain the ages of the girls or whether they were in fact the wives of the men. Appellant was a hotel clerk of many years' experience and the circumstances shown by the record should have created in his mind a strong suspicion that Anita Vasquez was not the wife of the sailor, and a very slight inquiry would no doubt have convinced him that she was not. There can be no doubt as to the sufficiency of the evidence to sustain the judgment of conviction. As hereinbefore pointed out, no prejudicial error occurred in the trial of the case.

In view of the foregoing the judgment and order are affirmed.

Peters, P. J., and Ward, J., concurred.