[Crim. No. 2287.   Fourth Dist., Div. One.   Mar. 22, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. CHARLES MALDONADO TOBER, Defendant and Appellant.

Robert A. Bowler, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert H. Francis, Deputy Attorney General, for Plaintiff and Respondent.

WHELAN, J.—Defendant appeals from a judgment on verdict convicting him of a violation of section 288 of the Penal Code.

### FACTS

The victim, Celia, aged 10 at the time of the offense, January 7, 1965, was in bed in her separate bedroom on the second floor of her mother's home when defendant entered the bedroom on two occasions separated by a brief period of time. On his first entrance, he left the door open, which permitted entry of light through the open bathroom door, asked Celia her age and was told "ten years old," said he thought she was 14; when she put her head under the covers licked one or both of her ears. Before entering the second time, he shut the bathroom door and after entering the bedroom shut the bedroom door, removed the child's underpants and performed lewd and

lascivious acts, including the placing of a finger in her vagina with the result that some bleeding from the ruptured hymen followed. There were evasive movements by the child from her bedroom to bathroom, back to her bedroom, to her mother's unoccupied bedroom, to the bathroom, and then downstairs to the kitchen, where she told her story to her mother. The police were called, arrived shortly, heard the child's story and interviewed the defendant.

Before defendant went upstairs the first time, he and a male companion had been in the living room with Celia's mother and another woman, Mary Ellen. Also in the house were Celia's two brothers, asleep in another upstairs bedroom.

Defendant had been in the house on three prior occasions, on one of which he had seen the little girl in the home.

Defendant's testimony differed from that of Celia in certain particulars: He testified that he went into the child's bedroom on only the second of three trips he made upstairs; that he left the bathroom door partly open before entering the bedroom, the door of which he shut; that he entered because he thought it was Mary Ellen in the bed; that he had pulled up the child's nightie and then placed his finger in her vagina, which he did to obtain some sexual satisfaction; that it was only then that she uncovered her face and he saw it was the child; that he immediately withdrew his finger; that it was only then he asked her age, was told she was 10 years old, and told her he had thought she was 14; that on New Year's Day he had seen Mary Ellen asleep in the child's bedroom; and that he was married and had two children at the time of the alleged offense.

### DEFENDANT'S CONTENTIONS

■ Defendant contends that reversible error was committed because the trial court made the following statement to the jury panel before the *voir dire* examination of the jury: ''The defendant has the presumption of innocence which continues until that presumption is dispelled by the introduction of evidence by the People.''

The statement objected to did not stand by itself. It was preceded by the following language: ''Now, the plea of not guilty places the burden on the People of establishing the guilt of the defendant beyond a reasonable doubt.''

The jury at the conclusion of oral argument, were instructed as follows: ''A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown,

he is entitled to an acquittal, but the effect of this presumption is only to place upon the State the burden of proving him guilty beyond a reasonable doubt. Reasonable doubt is defined as follows: It is not a mere possible 'doubt; because everything relating to human affairs, and depending on moral evidence, is open to some possible or imaginary doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge.''

At the time the statement now objected to was made, no question was raised as to its propriety and no clarification was sought.

It is not reasonably probable, in view of the instructions given and the language preceding the challenged statement, that the jury could have been misled into believing that whatever evidence might be produced by the prosecution would be sufficient to dispel the presumption of innocence.

## DEFENDANT'S SECOND CONTENTION

It is next contended that it was error to permit the prosecution to ask leading questions of Celia. Defendant's objection was to questions of the sort that called for a ''yes,'' a ''no,'' an ''I don't know'' or an ''I don't remember'' answer. None was couched in the form of an affirmative statement followed by ''didn't he?'' or a negative statement followed by ''did he?'' Much of Celia's testimony as to the actual happenings during defendant's two visits to her room was in response to such questions as ''Did Mr. Tober say anything to you at that time?,'' ''What did he do then?,'' ''What happened next?''

To counsel's objection, the court said: ''Now, Counsel, the leading question rule does not apply strictly when dealing with children the age of this child. The objection is overruled for that reason.''

Professor Wigmore characterized as unsound any rigid rule that a question admitting of being answered by a simple ''yes'' or ''no'' is leading and improper. (3 Wigmore, Evidence (3d ed.) § 772, pp. 128-129.) California decisions support Wigmore's view. (See *People* v. *Jones,* 160 Cal. 358, 366 [117 P. 176]; *Pacific Portland Cement Co.* v. *Reinecke,* 30 Cal.App. 501 [158 P. 1041]; *Mabry* v. *Randolph,* 7 Cal.App. 421 [94 P. 403]; *People* v. *Calloway,* 127 Cal.App.2d 504, 508 [274 P.2d 497].)

Furthermore, under section 2046, Code of Civil Procedure, leading questions are permissible in the sound 'discretion of the

court, under special circumstances making it appear that the interests of justice require it. Special circumstances that afford room for the exercise of that discretion exist where the witness is of immature years being questioned in a criminal case involving a sexual offense. (*People* v. *Johns,* 173 Cal.App.2d 38, 46 [343 P.2d 92]; *People* v. *Goff,* 100 Cal.App.2d 166, 169-170 [223 P.2d 27].)

We do not interpret the judge's remark to mean that he was not exercising the discretion given by section 2046.

### DEFENDANT'S THIRD CONTENTION

■ Defendant made a statement to Officer Kelley in a police car parked in front of the home of Celia's mother. Kelley earlier advised defendant that he had a right to counsel prior to making any statement to the officer, that he was not required to answer the officer's questions, and that any statements he might make could be used against him in court.

The oral statement received in evidence over objection was that, in the mistaken belief that the person in the bed was Mary Ellen, he had done the act he later testified to. In certain other respects the statement contradicted defendant's testimony.

Defendant's objection, which he renews on appeal, was said to be based on *Mallory* v. *United States,* 354 U.S. 449 [77 S.Ct. 1356, 1 L.Ed.2d 1479], in the belief that *Mallory* holds that any confession or admission made prior to arraignment is inadmissible per se; and upon the ground that defendant did not have an attorney with him when the statement was made.

Neither ground of objection is seriously tenable.

### DEFENDANT'S FOURTH CONTENTION

■ Defendant claims that the court improperly restricted and interfered with his cross-examination of Officer Kelley concerning defendant's statement to the officer.

Counsel's purpose had been to emphasize that defendant had told Kelley he discovered the identity of the person in bed only after doing the act complained of. After Kelley answered: "Yes, I guess you could say that," the following occurred: "THE COURT: Counsel, there were two times when certain things were done to certain people in the bed, according to the testimony up to now. Which event do you refer to?

"MR. BOWLER: I am not referring to any event. I am just saying: Did Mr. Tober at one time tell this officer that—

"THE COURT: He has admitted that he did tell him that but he didn't say whether it was after the first trip he had made upstairs or whether it was after the second trip he had made upstairs and whether it was the third trip he made upstairs. You are leaving it vague and indefinite. If you want to get at it, it is your privilege.

"MR. BOWLER: I think the officer has answered my question."

The answer given by the officer before the court's interjection was obviously the answer desired by counsel.

On redirect examination of Kelley, the deputy district attorney again made it clear that defendant had told Kelley that it was not until after his second trip upstairs, when he did the act he testimonially admitted having done, that he discovered the person in the bed was not Mary Ellen. The redirect examination of Kelley clarified the record that defendant had not admitted doing anything to anyone on the bed on more than one visit upstairs.

While the court and counsel seemed to have been at cross-purposes, defendant did not request that the court's remarks be stricken or that the jury be admonished to disregard them. In the absence of such a request, error may not be premised upon the court's remarks. *People* v. *Dunaway*, 222 Cal.App.2d 322, 329 [35 Cal.Rptr. 154].)

### DEFENDANT'S FIFTH CONTENTION

Defendant claims that the failure of the court of its own motion to give the following instruction was fatal error: "In determining the innocence or guilt of the defendant, you must not consider a voluntary admission or confession of the defendant, except as later stated in this instruction, if it appears from the evidence that:

"(1) the defendant was in custody when the admission or confession was made, and

"(2) the investigation by the authorities of the offense involved in this case had then ceased to be a general inquiry into an unsolved crime and had begun to focus on the defendant, and

"(3) the authorities at that time did not merely engage in a general questioning of the defendant, but subjected him to a process of interrogation that lent itself to obtaining incriminating statements.

"However, you may consider a voluntary admission or confession if the evidence establishes that before such interrogation:

"(1) the authorities effectively warned defendant of his absolute right to remain silent and of right to be represented by counsel, and

"(2) defendant knowingly and intelligently waived the right to remain silent and to be represented by counsel." The instruction was not requested.

The trial ended March 11, 1965. The instruction, known as CALJIC 29-B (new), was circulated by the committee that drew it up not earlier than March 30, 1965.

The evidence is that 'defendant was not only advised as to his rights to counsel and to remain silent, but that he signed a written admission received in evidence that he had been so advised before he made his statement to the police.

The court instructed the jury that they must disregard any admission unless it was voluntarily made, and upon what they must base their determination of voluntariness. (CALJIC Supp. 29-A-1 (new).) That instruction was a correct statement of the law. The requirement that a defendant be advised of his absolute right to remain silent and to counsel is in addition to the requirement of voluntariness.

In the absence of any conflict in the evidence to be resolved by the jury, there being clear evidence that defendant was sufficiently advised of his rights, as to which the trial judge was satisfied, error will not be predicated upon the court's failure to give the specific instruction which was not requested. (*People* v. *Henderson*, 214 Cal.App.2d 290, 296 [29 Cal.Rptr. 297].)

#### DEFENDANT'S SIXTH CONTENTION

█ Defendant requested the following instruction based upon language found in *People* v. *Hall*, 62 Cal.2d 104, 112 [41 Cal.Rptr. 284, 396 P.2d 700] : "To justify a criminal conviction, the trier of fact must be reasonably persuaded to a near certainty. The trier must therefore have reasonably rejected all that undermines confidence."

The instruction was refused. We have already quoted the instruction given as to the degree of proof required to convict. It sufficiently covered the subject. (*People* v. *Eggers*, 30 Cal.2d 676, 688 [185 P.2d 1].) There was no error in that respect.

#### CONCLUSION

Defendant's arguments are almost entirely based upon the theory that if he in good faith believed that the 10-year-old child, Celia, was a different and adult person, he could not be held guilty of the crime. His offense was committing lewd and

lascivious acts upon the body of a child under the age of 14 years, with intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of himself or the child. Concerning his belief as to the age of the child, he did not testify that he thought she was 14 years old; that was only his statement as to what he said to her.

We have given careful, thorough consideration to defendant's contentions predicated upon a claimed belief that the person sexually molested by him was a mature woman. In doing so, we do not accept the premise that sexually motivated fondling of the private parts of a 10-year-old child may be indulged in under a claimed good faith belief that the child is either an adult or has reached the age of 14 years. The very refusal to distinguish between a child of tender years and an adult may be said to be characteristic of some of those who engage in the sort of conduct of which defendant has been convicted.

*People* v. *Hernandez,* 61 Cal.2d 529 [39 Cal.Rptr. 361, 393 P.2d 673], does not support defendant's assumption. It is said there, at page 536: ''No responsible person would hesitate to condemn as untenable a claimed good faith belief in the age of consent of an 'infant' female whose obviously tender years preclude the existence of reasonable grounds for that belief.''

After reviewing the entire record including the evidence, we are of opinion that it is not reasonably probable that a result more favorable to defendant would have been reached in the absence of any of the claimed errors. (*People* v. *Watson,* 46 Cal.2d 818, 836-837 [299 P.2d 243].)

The judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.