[Crim. No. 4963. Third Dist. Mar. 7, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES EDWARD TOLIVER, Defendant and Appellant.

Peter D. Fetros, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Arnold Overoye and Edward Bergtholdt, Deputy Attorneys General, for Plaintiff and Respondent.

BRAY, J.*—Defendant appeals from judgment of conviction after jury verdict of count I, violation of Penal Code section 261 (statutory rape); count II, violation of Penal Code section 288 (lewd and lascivious conduct with a child; count III, violation of Penal Code section 266h (pimping); and count IV, violation of Penal Code section 266h (pimping—different female).[1]

Defendant's motion for new trial and application for probation were denied. Sentences as to counts II, III and IV were to be served concurrently with each other; sentence as to count I was stayed pending appeal and during the serving of

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]Defendant admitted three prior felony convictions.

a sentence under count II and thereafter to be stayed permanently.

## QUESTIONS PRESENTED

1. Reasonable belief that the prosecutrix Cheri was 14 years of age or older is not a defense to a charge of violation of Penal Code section 288. Moreover, no such defense was raised in the trial court.

2. The element of nonmarriage was established by circumstantial evidence.

3. There was a double conviction.

## EVIDENCE

As the only attack on the sufficiency of the evidence is limited to the matters hereinafter discussed only a brief statement of the evidence is necessary.

Cheri, a 13-year-old girl and a ward of the juvenile court, hitchhiked a ride from Hayward to Stockton with two boys. The three met one Tom and it was arranged that Cheri would prostitute herself to raise money for gas. Tom ''sold'' Cheri to defendant for $5. Defendant took Cheri to a hotel room where Cheri had intercourse with a ''gentleman'' for the price of $8, which defendant received. Defendant gave the two boys $3 of this amount. Defendant offered Cheri an apartment and clothes in return for her engaging in prostitution, but first finding out if she was ''woman enough'' or ''capable enough to do the job'' by having intercourse with her. Defendant later admitted to Ann, hereinafter mentioned, that Cheri was on the street for him.

Ann, who had several aliases, was picked up by the police in company with Cheri. Ann was 19 years of age. She first met defendant in October 1967. They had discussed her engaging in acts of prostitution. For three or four days she engaged in it for him, during which time she turned five to seven ''tricks'' at a price of $10 each. If she solicited the ''trick'' she gave the money to defendant. If he solicited it, he kept the money. She received no money whatever.

Defendant did not testify. He offered no defense to the charge of pimping for Ann. His defense to the Cheri charges was an alibi.

### 1. *Belief of Cheri's age.*

Defendant's only attacks on the sufficiency of the evidence relate to count I, statutory rape, and count II, violation of section 288 of the Penal Code (lewd and lascivious conduct

with ''a child under the age of fourteen years''). As to the first offense, his only contention is the evidence did not show nonmarriage to the victim, and as to the latter offense, his only contentions are that the evidence did not show that defendant believed or had reason to believe that Cheri was under 14 years of age at the time of the acts complained of and that the jury should have been instructed that defendant could not be convicted of violation of Penal Code section 288 unless the jury found that defendant believed or had reason to believe that Cheri was 14 or over.[2] No evidence nor instruction was offered on this subject by defendant, and the prosecution offered no evidence that Cheri appeared older or younger than 14.

In *People* v. *Hernandez* (1964) 61 Cal.2d 529, 536 [39 Cal. Rptr. 361, 393 P.2d 673, 8 A.L.R.3d 1092], the Supreme Court for the first time held that a showing by defendant that he had in good faith a reasonable belief that the prosecutrix was 18 years old or more would be a defense to a prosecution for violation of Penal Code section 261, subdivision 1 (statutory rape). Defendant would have us apply the *Hernandez* rule to this prosecution under section 288 and reverse the judgment of conviction so that possibly he could raise such a defense at a new trial. It does not appear just how he would reconcile his defense that he could not have been guilty of lewd and lascivious conduct with Cheri when he was somewhere else at the time she claimed it occurred with a claim that he did it but believed she was 14 or over.

Moreover, we are convinced that such belief is not a defense under section 288, and that the philosophy applying to violations of that section is entirely different from that applying to violations of section 261, subdivision 1.[3] ''The very refusal to distinguish between a child of tender years and an adult may be said to be characteristic of some of those who engage in the sort of conduct of which defendant has been convicted.''

[2] As to his conviction of statutory rape on Cheri, defendant does not contend that an instruction on his behalf as to her age should have been given relating to that charge. Apparently he does not wish to contend that he could have been mistaken as to her not being under 18.

[3] Ordinarily the failure to raise a defense in the trial court and to ask instructions concerning it precludes the matter being raised on appeal. (*People* v. *Greenwood* (1962) 207 Cal.App.2d 300, 305 [24 Cal.Rptr. 337]; *People* v. *Trombino* (1967) 253 Cal.App.2d 643, 648 [61 Cal.Rptr. 634].) We deem it advisable, however, to consider defendant's contention in this respect for the reason that the prosecutor during argument announced to the jury that reasonable belief of over-age was not a defense.

(*People* v. *Tober* (1966) 241 Cal.App.2d 66, 73 [50 Cal.Rptr. 228]—Charge of lewd and lascivious acts on the body of a 10-year-old child.)

In *People* v. *Clark* (1953) 117 Cal.App.2d 134, 143 [255 P.2d 79], a prosecution under section 288 for lewd and lascivious conduct with a 12-year-old child, the trial court instructed the jury that the fact that a defendant believed that the victim was past the age of 14 years was immaterial. There was evidence that in a conversation the night of the occurrence the defendants or some of them had stated that they did not know that the girl was 12 years old, that they thought she was older, and that if they had known she was only 12 they would not have done anything to her. Concerning the instruction, the reviewing court said, ''There was no prejudice under the circumstances.''

In *Hernandez, supra,* 61 Cal.2d 529, the court in effect considered that section 288 is for protection of infants or children as to whom persons commit lewd and lascivious acts at their peril. *Hernandez* points out that in a broad sense consent can be an element of statutory rape, on the principle that a female whom a male may reasonably believe to be older than 18 can consent to the act of intercourse. On the other hand, violation of section 288 does not involve consent of any sort, thereby placing the public policies underlying it and statutory rape on different footings. It is significant that the younger age and greater penalty of section 288 suggest that more than punishment for violating the moral standards of the community is involved.[4] Under the Roman and common laws, childhood was considered to exist until puberty, which was determined to be at age 14. (1 Burdick, Law of Crime, §§ 155, 156, pp. 202, 204.) While today it is found that some females reach puberty below that age, there is no reason why the distinction between a child and a more mature person should not continue to be held at that age. Even 13 is below the age of sexual pursuit by normal males. In the Tentative Draft No. 1 of the Penal Code Revision Project prepared for the revision of the Penal Code (§ 1600, subd. 4) it appears that because of *Hernandez* a provision is proposed to the effect that ''Whenever in this chapter the criminality of conduct depends on a child's being below the age of fourteen, it is no defense that the actor reasonably believed the child to be fourteen or older.''

---

[4]Violation of section 228—one year to life; violation of section 261—county jail not more than one year or state prison not more than 50 years.

## 2. *Nonmarriage established.*

 No direct evidence was introduced to show that Cheri was not married to defendant. As said in *People v. Meraviglia* (1925) 73 Cal.App. 402, 408 [238 P. 794], quoting from 22 R.C.L. at page 1221, " ' It is generally held that it is not absolutely necessary to prove nonmarriage by direct and positive testimony, but, like any other fact, it may be proved by facts and circumstances from which the conclusion may be drawn. Thus, where a case was tried apparently on the assumption that the marriage relation did not exist, but it did appear that the victim was a mere school girl bearing her maiden name and living with her parents, it was held that the fact of nonmarriage was clearly established.' [Citations.] " (See *People* v. *Truesdell* (1932) 124 Cal.App. 360, 364 [12 P.2d 476]; *People* v. *Smith* (1968) 263 Cal.App.2d 631, 636 [69 Cal.Rptr. 670].)

 The case at bench was tried on the assumption that the parties were not married. Cheri was bearing her maiden name, and although the evidence did not show that Cheri was a school girl or living at home, it did disclose that she was only 13 and living with foster parents, apparently the ward of a court. The act of intercourse occurred the first afternoon she met defendant, whom she had not met before. The inferences to be deduced from the facts surrounding the meeting and the subsequent acts of the parties point positively to the nonmarriage of the parties.

The evidence fully supports defendant's conviction on all counts.

## 3. *Although not raised by defendant, it appears that there was a double conviction in this case, namely, violation of sections 288 and 261, subdivision 1.*

 Defendant's failure on appeal to urge this double conviction does not preclude this court from considering it. (*People* v. *Fleig* (1967) 253 Cal.App.2d 634, 643 [61 Cal. Rptr. 397].) In fact, it would appear to be this court's duty to do so. The only act of lewd and lascivious conduct performed by defendant was his raping of Cheri. "As a practical matter, despite some semantic differences, it does seem 'impossible that rape may be committed upon a child under the age of fourteen years without thereby violating the provisions of section 288.' " (*People* v. *Smith* (1962) 204 Cal.App.2d 797, 804 [23 Cal.Rptr. 5].) Hence, "the crime of statutory rape is included within section 288 by that section's own

terms. . . ." (*People* v. *Greer* (1947) 30 Cal.2d 589, 603 [184 P.2d 512].)

"[S]ince section 288 specifically includes acts constituting other crimes mentioned in part one of the Penal Code, a person cannot be convicted of both a violation of section 288 and a violation of section 261, subdivision (1) for the same act." (*People* v. *Slobodion* (1948) 31 Cal.2d 555, 561 [191 P.2d 1].) Where "the act relied upon to support the prosecution under section 261, subdivision (1) is the same act as that forming the basis of the prosecution under section 288," the prosecution may charge both crimes in the same information but "[t]he jury must be instructed . . . that, as in the case of necessarily included offenses, there can be only one verdict of guilty." (*People* v. *Greer, supra,* p. 604.) ▮ "When a multiple punishment is involved under facts which *do not* encompass necessarily included offenses, a *conviction* may stand although the *punishment* must be expunged. (*People* v. *Smith* (1950) 36 Cal.2d 444, 448 [224 P.2d 719].)[5] But . . . when a necessarily included offense is involved, *the conviction also must be reversed.*" (*People* v. *Pater* (1968) 267 Cal. App.2d 921, 926 [73 Cal.Rptr. 823], hear. den.)

▮ As the statutory rape offense is necessarily included in the section 288 offense, it is not sufficient that the court merely stay the sentence on the statutory rape offense. The conviction as well as the sentence on it must be reversed. (See *People* v. *Tideman* (1962) 57 Cal.2d 574, 582 [21 Cal.Rptr. 207, 370 P.2d 1007].)

We have reviewed the order denying new trial and found no error in it. As the order is not appealable, the purported appeal therefrom is dismissed.

The judgment is reversed as to count I and the trial court is directed to set aside the sentence as to that count and dismiss it. In all other respects the judgment is affirmed.

Pierce, P. J., and Regan, J,. concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 30, 1969.

---

[5]The trial court followed this procedure in staying sentence as to count I (statutory rape) pending appeal and during the serving of sentence under count II (§ 288) and thereafter stayed permanently.