[Crim. No. 20086. Sept. 18, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT BENNETT ATCHISON, Defendant and Appellant.

## Counsel

Albert L. Gordon for Defendant and Appellant.

Paul Halvonik, State Public Defender, Charles M. Sevilla, Chief Assistant State Public Defender, Richard A. Curtis, Deputy State Public Defender, and G. Keith Wisot as Amici Curiae on behalf of Defendant and Appellant.

Burt Pines, City Attorney, and Shelley I. Rosenfield, Deputy City Attorney, for Plaintiff and Respondent.

## Opinion

**NEWMAN, J.**—Defendant appeals from a municipal court judgment[1] that he was guilty of (1) annoying or molesting a child under age 18 (Pen. Code, § 647a), and (2) contributing to the delinquency of a child under age 18 (§ 272). At the trial he testified: "A. I asked him [the alleged victim] how old he was. Q. How old did he say he was? A. He told me he was 18, 19 in March, and this was in January. Q. He appeared to be at least that, 19 to you? A. He did to me."

The judge instructed the jury on the contributing-to-delinquency charge as follows (italics added): "You are instructed that in a prosecu-

---

[1]The first appeal was to the Appellate Department of the Los Angeles Superior Court, which affirmed the conviction. The case then was certified to the Court of Appeal, which also affirmed.

tion for contributing to the delinquency of a minor by committing an act causing, tending to cause, or encouraging a person under the age of 18 years to lead an idle, dissolute, lewd, or immoral life, *if defendant commits such an act, it is immaterial whether or not he knew the age of the minor.*"

That instruction was erroneous. (See *People* v. *Hernandez* (1964) 61 Cal.2d 529 [39 Cal.Rptr. 361, 393 P.2d 673, 8 A.L.R.3d 1092].) Since the jury may have been misled as to its application to both the Penal Code sections (§ 272 and § 647a) the judgment cannot stand. Because some courts have questioned the scope of the *Hernandez* ruling, we disapprove the statement in *People* v. *Reznick* (1946) 75 Cal.App.2d 832, 837 [171 P.2d 952], that "if appellant committed the act it would be immaterial whether or not he knew the age of the minor."

Further, we do not agree with the suggestion below that "[i]t is hard to see how the defendant here could on the one hand contend that he did nothing improper and at the same time ask that the jury be told that the conduct which he engaged in would be lawful or unlawful depending on whether or not he believed that the victim was over 18." (See 1 Witkin, Cal. Crimes, § 177, subd. (1): "Inconsistent defenses are normally permitted in criminal as well as civil cases; e.g., not guilty and insanity; denial of act and self-defense. [Citations.]")

The judgment is reversed.

Bird, C. J., Tobriner, J., Mosk, J., and Manuel, J., concurred.

**CLARK, J.,** Concurring and Dissenting.—While brevity is an admirable quality in an appellate opinion, the bench and bar are perhaps entitled to a fuller explanation for today's decision than the majority choose to provide.

The underlying question presented is whether a reasonable mistake as to the victim's age is a defense to charges of molesting a minor (Pen. Code, § 647a) and of contributing to his delinquency (Pen. Code, § 272).[1] Apparently concluding that a mistake of age defense does lie to both charges, the majority hold that the trial court erred in instructing the jury to the contrary respecting the contributing charge, and that the erroneous instruction may have misled the jury respecting the molesting charge.

[1]Unless otherwise specified, all statutory references are to sections of the Penal Code.

Accordingly, the majority choose to reverse the judgment as to both counts.

The only explanation offered by the majority is a citation to *People v. Hernandez* (1964) 61 Cal.2d 529 [39 Cal.Rptr. 361, 393 P.2d 673, 8 A.L.R.3d 1092]. This citation is appropriately introduced by "see," signaling that the *Hernandez* holding does not squarely support today's decision. The sole citation is further weakened by the majority's statement that "some courts have questioned the scope of the *Hernandez* ruling." (*Ante,* p. 183.) This case demands answers to the following questions: What does *Hernandez* hold? What are the grounds upon which it has been distinguished in subsequent cases? Finally, should it be distinguished here?

In *People v. Reznick* (1946) 75 Cal.App.2d 832 [171 P.2d 952], the court held that a reasonable mistake as to the victim's age is *not* a defense to a charge of contributing to the delinquency of a minor. The continuing viability of *Reznick* was placed in doubt by this court's decision in *Hernandez,* holding that a reasonable mistake as to the victim's age is a defense to a charge of statutory rape. However, *Hernandez* was distinguished in *People v. Toliver* (1969) 270 Cal.App.2d 492 [75 Cal.Rptr. 819], holding that a reasonable mistake as to the victim's age is *not* a defense to a charge of lewd and lascivious conduct upon a child under the age of 14 years (§ 288). (See also *People v. Tober* (1966) 241 Cal.App.2d 66 [50 Cal.Rptr. 228].) Finally, in another section 288 case—*People v. Gutierrez* (1978) 80 Cal.App.3d 829 [145 Cal.Rptr. 823]—the court followed *Toliver,* and while the present case has been pending before this court we unanimously denied hearing in *Gutierrez.*

*Toliver* distinguished *Hernandez* on the following ground: "*Hernandez* points out that in a broad sense consent can be an element of statutory rape, on the principle that a female whom a male may reasonably believe to be older than 18 can consent to the act of intercourse. On the other hand, violation of section 288 does not involve consent of any sort, thereby placing the public policies underlying it and statutory rape on different footings." (*People v. Toliver, supra,* 270 Cal.App.2d 492, 496.)

In one sense, it is incorrect to state sections 261.5 (statutory rape) and 288 are based on different public policies, for both statutes are directed toward protecting the young from sexual exploitation. However, in a deeper sense, distinction on policy grounds is valid in that section 288 is intended to protect much younger children and there is no possible

defense based on consent. The significance of such a distinction was recognized in *Hernandez*. In overruling *People* v. *Ratz* (1896) 115 Cal. 132 [46 P. 915], the *Hernandez* court observed that the age of consent at the time of the *Ratz* decision was 14 whereas it was 18 when *Hernandez* was decided. (*People* v. *Hernandez, supra,* 61 Cal.2d 529, 533.) The *Hernandez* court further noted that the Model Penal Code provided that a mistake of age defense does not lie to a sexual offense when the criminality of the conduct depends upon the child's being less than 10 years of age, but is available when criminality depends upon the child's being below a critical age higher than 10. (*Id.,* at p. 533, fn. 2, citing Model Pen. Code (Proposed Official Draft 1962) § 213.6(1).) Responding to *Hernandez,* the Joint Legislative Committee for Revision of the Penal Code took fundamentally the same position as the draftsman of the Model Penal Code, but made the critical age 14, not 10. (Pen. Code Revision Project (Tent.Draft No. 1, 1967) § 1600, subd. (4), and com. thereto.)

*Hernandez* is distinguishable on another ground. It was grounded on Penal Code sections 20 and 26. Section 20 provides that "In every crime or public offense there must exist a union, or joint operation of act and intent, or criminal negligence." Section 26 provides in pertinent part that one is not capable of committing a crime "who committed the act or made the omission charged under an ignorance or mistake of fact, which disproves any criminal intent." *Hernandez* holds that if the defendant reasonably believed the girl was 18 years of age, he would have had no criminal intent in engaging in intercourse with her. In *Toliver,* however, had the defendant reasonably believed the girl was 14 to 17 years of age, such mistaken belief would not have relieved him of criminal intent in pimping for and in engaging in intercourse with her.

Do the foregoing grounds for distinguishing *Toliver* from *Hernandez* serve also to distinguish this case from *Hernandez*? The first ground of distinction is clearly inapplicable because the critical age for the crimes charged here—like the crime charged in *Hernandez* and unlike the crime charged in *Toliver*—is 18. The second ground of distinction is inapplicable to one aspect of defendant's conduct—the sexual advances he made toward the victim. Had defendant reasonably believed the boy to be 18, his intent in making these overtures while morally reprehensible, would not be criminal. However, defendant's intent in furnishing marijuana to the boy would have been criminal regardless of belief concerning age. (See Health & Saf. Code, § 11360.)

In conclusion, while reversal of the judgment appears necessary, I dissent from the majority opinion insofar as it suggests that mistake of age is a defense to a charge of contributing to the delinquency of a minor when that charge is predicated on furnishing a dangerous substance.

Richardson, J., concurred.