[No. B021288. Second Dist., Div. Six. June 15, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
LEROY JACK MASSEY, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to rule 976.1 of the California Rules of Court, the portion of the opinion certified for publication follows.

**COUNSEL**

Norman W. de Carteret, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Marc E. Turchin and Ruby A. Theophile, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GILBERT, J.**—Here we affirm the conviction of Leroy Jack Massey for lewd or lascivious acts with a child under the age of 14. (Pen. Code, § 288, subd. (a).)[1]

. . . . . . . . . . . . . . . . . . . . . . .*

In 1967 Massey was convicted of violating sections 288, subdivision (a) and 288a (oral copulation). In 1974 Massey was again convicted of violating sections 288, subdivision (a) and 288a, crimes identical or similar to the ones charged in the instant proceedings. At trial Massey moved to bar the use of these prior offenses to impeach his credibility as a witness. The trial court found that because the prior offenses involved child molestation, they were crimes of moral turpitude. Upon weighing the prejudice to the jury against the probative value of credibility, the court allowed the prior

---

[1] All statutory references are to the Penal Code unless otherwise stated.

* See footnote page 819, *ante.*

offenses to be used for impeachment, but in a sanitized form. The jury learned only that Massey was twice convicted of undesignated felonies in 1967 and 1974.

In *People* v. *Castro* (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111], our Supreme Court considered the use of prior felonies for impeachment purposes in the light of article I, section 28, subdivision (f) of the Constitution—enacted in 1982 as the "Victim's Bill of Rights" (Proposition 8).[2] The Court held that trial courts retained discretion to bar the use of prior offenses for impeachment purposes where the offenses are irrelevant to the issue of credibility or where, under an Evidence Code section 352 evaluation, the court finds that admission of the prior offense would create substantial danger of undue prejudice. (*Id.* at p. 306.) To be relevant to credibility, the prior offense must be a crime displaying moral turpitude or depravity, indicating a "general readiness to do evil." Only then can a prior conviction properly lead to an inference of a readiness to lie. (*Id.* at pp. 313-316, quoting *Gertz* v. *Fitchburg Railroad* (1884) 137 Mass. 77, 78.) In determining whether the prior offense shows moral turpitude, however, the trial court may not examine extrinsic evidence of the conviction. "[A] witness' prior conviction should only be admissible for impeachment if the least adjudicated elements of the conviction necessarily involve moral turpitude." (*People* v. *Castro, supra,* 38 Cal.3d at p. 317.)

Massey contends that the least-adjudicated-element rule prevents the trial court here from finding that his two prior convictions for violating section 288, subdivision (a) involved moral turpitude. He cites *People* v. *Olsen* (1984) 36 Cal.3d 638 [205 Cal.Rptr. 492, 685 P.2d 52] for the proposition that section 288 is a strict liability offense, and so, he argues, it does not necessarily show a general " 'readiness to do evil.' " (*People* v. *Castro, supra,* 38 Cal.3d at p. 314.)

The California Supreme Court in *Olsen, supra,* held that a good faith mistake as to the victim's age is not a defense to a section 288 charge. In *People* v. *Flanagan* (1986) 185 Cal.App.3d 764 [230 Cal.Rptr. 64], the appellate court held that a prior conviction for statutory rape could not be used for impeachment purposes if the prior conviction occurred at a time when a good faith mistake as to the victim's age was not a defense to that crime.[3] *People* v. *Hernandez* (1964) 61 Cal.2d 529 [39 Cal.Rptr. 361, 393

[2] Article 1, section 28, subdivision (f) reads in its relevant part: "Any prior felony conviction of any person in any criminal proceeding, . . . shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding."

[3] Statutory rape is an act of sexual intercourse "with a female not the wife of the perpetrator, where the female is under the age of 18 years." (§ 261.5.)

P.2d 673, 8 A.L.R.3d 1092], ultimately held that a defense to statutory rape is a good faith mistaken belief as to the victim's age. But, where the defendant was not entitled to present as a defense his good faith belief that the victim of the statutory rape was over the age of 18, the conviction does not show "... whether or not defendant knew of the female's minority and thus manifested some culpability, i.e., some knowing readiness to do evil, as to the least adjudicated elements." (*People* v. *Flanagan, supra,* 185 Cal.App.3d at p. 773.)

Massey argues that the logic in *Flanagan* applies to his prior convictions under section 288, subdivision (a), and that a reading of *Olsen* and *Castro* together requires us to rule that the crime of perpetrating lewd or lascivious acts on a child under the age of 14 years is not one of moral turpitude. Such a result was neither intended by the Supreme Court nor necessitated by these cases. It would reduce moral turpitude to a concept devoid of meaning.

The willful and lewd touching of a child in violation of section 288, subdivision (a) is an act of moral depravity which has some " 'tendency in reason' (Evid. Code, § 210) to shake one's confidence" in the witness's honesty. (*People* v. *Castro, supra,* 38 Cal.3d at p. 315; *In re Higbie* (1972) 6 Cal.3d 562, 569-570 [99 Cal.Rptr. 865, 493 P.2d 97].) It is the ultimate breach of social duty and public morals.

It is well established that child molesting in California law is a crime of moral turpitude for impeachment and other purposes. (See *People* v. *Castro, supra,* 38 Cal.3d at p. 315; *Fout* v. *State Personnel Bd.* (1982) 136 Cal.App.3d 817, 821 [186 Cal.Rptr. 452]; *Brewer* v. *Department of Motor Vehicles* (1979) 93 Cal.App.3d 358, 361 [155 Cal.Rptr. 643]; *Jennings* v. *Karpe* (1974) 36 Cal.App.3d 709, 711-13 [111 Cal.Rptr. 776]; *Cadilla* v. *Board of Medical Examiners* (1972) 26 Cal.App.3d 961 [103 Cal.Rptr. 455].)

That the defendant charged with a section 288, subdivision (a) offense cannot plead a good faith, reasonable mistake of age as a defense (*People* v. *Olsen, supra,* 36 Cal.3d 638) does not mean that the depraved element of the crime is not adjudicated. The failure of one to distinguish between a consenting adult and a child under 14 years is an indication of turpitude. Even where the defendant believed that the victim was 14 years or older, " '[t]he very refusal to distinguish between a child of tender years and an adult may be said to be characteristic of some of those who engage in the sort of conduct for which defendant has been convicted.' " (*People* v. *Tober* (1966)

241 Cal.App.2d 66, 73 [50 Cal.Rptr. 228], as quoted in *People* v. *Olsen, supra,* 36 Cal.3d at p. 645.)

As the *Olsen* court explains, the tender age of the victim (under 14 years) makes a mistake of age inherently unreasonable. (*Olsen supra,* 36 Cal.3d at p. 645-648; *People* v. *Guttierrez* (1978) 80 Cal.App.3d 829, 833-36 [145 Cal.Rptr. 823]; *People* v. *Toliver* (1969) 270 Cal.App.2d 492, 494-96 [75 Cal.Rptr. 819]; *People* v. *Tober, supra,* 241 Cal.App.2d 66, 72-73.) In *Olsen, supra,* 36 Cal.3d 638, statutory rape is distinguished from child molestation (§ 288, subd. (a)) in that a mistake of age when the victim is approaching 18 years can conceivably be made in good faith. (*Id.* at p. 645.) The appellate court in *Hernandez* which approved the defense of mistake of age for statutory rape, cautioned that "[n]o responsible person would hesitate to condemn as untenable a claimed good faith belief in the age of consent of an "infant' female whose obviously tender years preclude the existence of reasonable grounds for that belief." (*People* v. *Hernandez, supra,* 61 Cal.2d at p. 536; *People* v. *Olsen, supra,* 36 Cal.3d at p. 645.)

Even if the victim was 14 years or older, but under 18, the defendant could still be found guilty of molesting a child under the age of 18 (§ 647a), a lesser included offense to section 288, subdivision (a) (*People* v. *La Fontaine* (1978) 79 Cal.App.3d 176, 183 [144 Cal.Rptr. 729]), and also a crime of moral turpitude (*Brewer* v. *Department of Motor Vehicles* (1979) 93 Cal.App.3d 358, 361 [155 Cal.Rptr. 643]).

■ Massey next claims that the court committed prejudicial error in admitting for impeachment purposes his 1974 conviction for oral copulation under section 288a. He correctly points out that in 1975, section 288a was amended so to legalize oral copulation between consenting adults. The current law criminalizes oral copulation only when a participant is below the age of 18. (Cf. West's Ann. Pen. Code, § 288a, at p. 624, with West's Ann. Pen. Code, § 288a, cum. pocket pts. for 1987 pp. 208-09, as amended by Stats. 1975, ch. 71, § 10, p. 134; ch. 877, § 2, p. 1958.)

Massey argues that a prior conviction for an offense which is no longer a crime cannot be one of moral turpitude. In 1974, as today, it was a crime to engage in oral copulation with a person under the age of 14. The version of section 288a which Massey was convicted of violating in 1974 included a minimum detention period of 3 years when it was specifically shown that the victim was under the age of 14 and the perpetrator was more than 10 years older.

The record before us does not reveal whether Massey was convicted of oral copulation with a minor or with an adult. Any error in admitting this

prior conviction for impeachment was made harmless by the proper admission of his 1974 conviction for section 288, subdivision (a). The jury was not told how many convictions Massey suffered in 1974, only that he was convicted of "felonies" in 1967 and 1974. The jury would have heard the exact same language had the court ruled the section 288a conviction inadmissible.

■ Massey next argues that the court erred in admitting the prior convictions because they were remote in time. (*People* v. *Beagle* (1972) 6 Cal.3d 441, 453 [99 Cal.Rptr. 313, 492 P.2d 1].) The court acted within its discretion. Massey did not lead a "'... legally blameless life'" after his convictions. (*Beagle, supra,* at p. 453 quoting *Gordon* v. *United States* (1967) 383 F.2d 936, 940; *People* v. *Dillingham* (1986) 186 Cal.App.3d 688, 696-97 [231 Cal.Rptr. 20].) Less than a year after being released on parole from prison after his 1967 offense, Massey was arrested for, and ultimately convicted of, his 1974 crimes. The same pattern was followed after he was released on parole from his 1974 convictions, resulting in the instant conviction. That Massey did not get in trouble with the law between convictions seems to be because he was incarcerated for most of that time.

■ Massey also complains that the admission of the sanitized convictions prejudiced him because the jury was likely to speculate as to the nature of his prior offenses, concluding that they were for similar or other heinous offenses. He cites *People* v. *Foreman* (1985) 174 Cal.App.3d 175 [219 Cal.Rptr. 759], where the trial court partially sanitized a prior conviction for burglary by allowing reference to the conviction as a "felony involving theft." (*Foreman, supra,* at p. 182 quoting *People* v. *Beagle, supra,* 6 Cal.3d 441, 453.) This "precluded any speculation the prior involved a heinous crime." (174 Cal.App.3d at p. 182.)

We find that the prior convictions as sanitized here were proper, notwithstanding the possibility of jury speculation. As the People explain, the court had a choice of allowing in the prior convictions wholly, risking the prejudice inherent in being similar crimes to those charged, or to follow *Foreman* and allow them to be described as "sexual crimes." This would prejudice the jury at least as much as the naked description "felonies." The only other choice was to forbid use of the priors whatsoever, but this would have given Massey's testimony here the "false aura of veracity." (*People* v. *Benton* (1979) 100 Cal.App.3d 92, 97 [161 Cal.Rptr. 12].) There was no abuse of discretion.

. . . . . . . . . . . . . . . . . . . .*

The judgment of conviction is affirmed.

Stone, P. J., and Abbe, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 30, 1987.

---

*See footnote, page 819, *ante*.